# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# 3:18-cv-00660-FDW

| | |
|---|---|
| RICHARD ALAN GADDIS, Jr., | ) |
| Plaintiff, | ) |
| vs. | ) **ORDER** |
| FNU BELK, et al., | ) |
| Defendants. | ) |

**THIS MATTER** is before the Court on initial review of Plaintiff's Complaint, filed under 42 U.S.C. § 1983. [Doc. 1]. See 28 U.S.C. §§ 1915(e)(2); 1915A. The Plaintiff is proceeding in forma pauperis. [Doc. 2, 7].

## I. BACKGROUND

Pro se Plaintiff Richard Alan Gaddis, Jr., a North Carolina state court inmate currently incarcerated at Union County Jail (the "Jail") in Monroe, North Carolina, filed this action on December 12, 2018, pursuant to 42 U.S.C. § 1983. Plaintiff claims that Defendants used excessive force in violation of his constitutional right not to be subjected to cruel and unusual punishment under the Eighth Amendment to the U.S. Constitution and failed to protect Plaintiff and failed to intervene in an attack on Plaintiff in violation of the Eighth Amendment. In his Complaint, Plaintiff names as Defendants FNU Belk, identified as a deputy sheriff of Union County, North Carolina; and FNU Payne, identified as Detention Officer at Union County Jail. [Id. at 1-2]. Specifically, the Plaintiff alleges that, on June 12, 2018, Plaintiff was attacked for the second time that day by the same inmate. Plaintiff states that Defendant Belk "just stood around and watched as [the Plaintiff] tried to hold off [his] attacker and then while [Plaintiff] was on the bottom getting

beat in the back of the head" Defendant Belk tased him "in the head at point blank range." Defendant Belk then took Plaintiff to the hospital "where he laughed and joked about [the incident] with hospital security." Plaintiff does not state whether any force was used on the other inmate involved in the altercation. [Doc. 1 at 2-4]. As to Defendant Payne, the only allegation Plaintiff makes is that she "opened all door on disciplinary segregation inmates with keep aways on them." [Id. at 2].

Plaintiff claims his injuries include neck spasms, severe damage to his kneecap, problems sleeping, bad dreams, problems trusting officers, and potential nerve damage and a sprained neck. [Id. at 6]. Plaintiff seeks payment for all medical bills and medications related to his injuries when he is released from prison and damages in the amount of $6 million. [Id. at 8].

## II. STANDARD OF REVIEW

Because Plaintiff is proceeding in forma pauperis, the Court must review the Complaint to determine whether it is subject to dismissal on the grounds that it is "frivolous or malicious [or] fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2). Furthermore, under § 1915A the Court must conduct an initial review and identify and dismiss the complaint, or any portion of the complaint, if it is frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune to such relief.

In its frivolity review, this Court must determine whether the Complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989). Furthermore, a pro se complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in his Complaint which set forth a claim that is cognizable under federal law.

Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

## III. DISCUSSION

The Eighth Amendment prohibits the infliction of "cruel and unusual punishments," U.S. CONST. amend. VIII, and protects prisoners from the "unnecessary and wanton infliction of pain," Whitley v. Albers, 475 U.S. 312, 319 (1986). To establish an Eighth Amendment claim, an inmate must satisfy both an objective component–that the harm inflicted was sufficiently serious–and a subjective component–that the prison official acted with a sufficiently culpable state of mind. Williams v. Benjamin, 77 F.3d 756, 761 (4th Cir. 1996).

Plaintiff brings various Eighth Amendment claims against Defendant Belk based on excessive force, failure to protect, and failure to intervene. First, as to the excessive force claims against Defendant Belk, the Court must consider such factors as the need for the use of force, the relationship between that need and the amount of force used, the extent of the injury inflicted, and, ultimately, whether the force was "applied in a good faith effort to maintain or restore discipline, or maliciously and sadistically for the very purpose of causing harm." Albers, 475 U.S. at 320-21. Furthermore, the Supreme Court has recently reiterated that "[a]n inmate who is gratuitously beaten by guards does not lose his ability to pursue an excessive force claim merely because he has the good fortune to escape without serious injury." Wilkins v. Gaddy, 559 U.S. 34, 38 (2010). In Wilkins v. Gaddy, the Supreme Court observed:

> This is not to say that the "absence of serious injury" is irrelevant to the Eighth Amendment inquiry. "[T]he extent of injury suffered by an inmate is one factor that may suggest 'whether the use of force could plausibly have been thought necessary' in a particular situation." The extent of injury may also provide some indication of the amount of force applied. As we stated in Hudson, not "every malevolent touch by a prison guard gives rise to a federal cause of action." "The Eighth Amendment's prohibition of 'cruel and unusual' punishments necessarily excludes from constitutional recognition de minimis uses of physical force, provided that the use of force is not of a sort repugnant to the conscience of mankind." An inmate who complains of a "push or shove" that causes no discernible injury almost certainly fails to state a valid excessive force claim.

> Injury and force, however, are only imperfectly correlated, and it is the latter that ultimately counts.

Id. at 37-38 (citations omitted).

Here, the Plaintiff claims that Defendant Belk used excessive force by tasering him in the head "at point blank range" while Plaintiff was underneath and being beaten by another inmate and after Plaintiff's kneecap had been broken. Plaintiff does not state whether any force was used on the other inmate involved in the altercation. Taking Plaintiff's allegations as true and drawing all reasonable inferences therefrom, the Court finds that the Plaintiff has stated a claim against Defendant Belk for the use of excessive form in violation of Plaintiff's Eighth Amendment right to be free from cruel and unusual punishment.

As for Plaintiff's claims based on failure to protect and failure to intervene against Defendant Belk, the negligent failure to protect an inmate from assaults by other prisoners, or by other prison guards, does not rise to the level of an unconstitutional violation. Davidson v. Cannon, 474 U.S. 344, 348 (1986). To show deliberate indifference, a plaintiff must allege that the prison official had actual knowledge of an excessive risk to the plaintiff's safety. Danser v. Stansberry, No. 13-1828, 2014 WL 2978541, at *5 (4th Cir. Sept. 12, 2014). In other words, the prison official "must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Farmer v. Brennan, 511 U.S. 825, 837 (1994). Further, a plaintiff sufficiently alleges a failure to intervene by a prison official where the plaintiff states that the official observed an altercation and failed to respond. Brown v. N.C. Dept. of Corrections, 612 F.3d 720, 723 (4th Cir. 2010). The Plaintiff has sufficiently alleged that Defendant Belk failed to protect and failed to intervene in the attack on Plaintiff by the other inmate.

As for Plaintiff's claims against Defendant FNU Payne, the Court first finds the Court finds these claims do not survive initial review. Plaintiff does not allege personal involvement by Defendant Payne, other than that she "opened all door on disciplinary segregation inmates with keep aways on them." [Doc. 1 at 2]. Plaintiff does not allege how this act relates to his injuries or that Defendant Payne had any actual knowledge of an excessive risk to Plaintiff's safety in relation to this conduct. Further, Defendant Payne cannot be held liable for the alleged acts of the other officers because liability under § 1983 cannot be based on respondeat superior. See Monell v. Department of Soc. Servs., 436 U.S. 658, 694 (1978) (stating that under § 1983, liability is personal in nature, and the doctrine of respondeat superior does not apply).

It is unclear from the Complaint whether Plaintiff intended to sue the Union Country Sheriff's Office. [See Doc. 1 at 1]. The Court finds that, to the extent the Plaintiff intended to sue the Union County Sheriff's Office, the sheriff's office is not a legal entity capable of being sued. As such, the Union County Sheriff's Office will also be dismissed.

## IV. CONCLUSION

In sum, the Complaint survives initial review as to Defendant Belk under 28 U.S.C. § 1915(e) and 28 U.S.C. § 1915A. The Plaintiff's claims against Defendant FNU Payne will be dismissed, as will Plaintiff's claims against the Union County Sheriff's Office to the extent Plaintiff intended to name the sheriff's office as a Defendant.

**IT IS, THEREFORE, ORDERED** that:

1. Plaintiff's Complaint [Doc. 1] survives initial review under § 1915(e) and 28 U.S.C. § 1915A as to Defendant FNU Belk but not as to Defendant FNU Payne or Defendant Union County Sheriff's Office, who shall be dismissed from this action.

2. The Clerk is directed to mail summons forms to Plaintiff for Plaintiff to fill out and

identify Defendant FNU Belk in the summons for service of process, and then return the summons to the Court.  Plaintiff is required to provide the necessary information for the U.S. Marshal to effectuate service.  Once the Court receives the summons from Plaintiff, the Clerk shall then direct the U.S. Marshal to effectuate service upon Defendant.

**IT IS SO ORDERED**.

Signed: June 17, 2019

Frank D. Whitney
Chief United States District Judge